**ACTION FOR CHILDREN'S TELEVISION and Office of Communication of the United Church of Christ, Petitioners,**

v.

**FEDERAL COMMUNICATIONS COMMISSION and United States of America, Respondents.**

No. 89–1353.

United States Court of Appeals, District of Columbia Circuit.

Argued April 5, 1990.

Decided June 26, 1990.

DeBorah Smith,[*] Student Counsel, with whom Andrew Jay Schwartzman and Gigi B. Sohn, for Media Access Project, Angela J. Campbell, for Citizens Communications Center, and Henry Geller, Washington, D.C., were on the joint brief, for petition-ers. Donna Lampert, Washington, D.C., also entered an appearance, for petitioners.

Sue Ann Preskill, Atty., F.C.C., with whom Robert L. Pettit, Gen. Counsel, F.C.C., Daniel M. Armstrong, Associate Gen. Counsel, F.C.C., James F. Rill, Asst. Atty. Gen., Robert B. Nicholson and Laura Heiser, Attys., U.S. Dept. of Justice, Washington, D.C., were on the brief, for respondents. C. Grey Pash, Jr. and Diane S. Killory, Washington, D.C., Attys., F.C.C., also entered appearances for the F.C.C.

Before EDWARDS, RUTH BADER GINSBURG and BUCKLEY, Circuit Judges.

Opinion for the Court filed by Circuit Judge HARRY T. EDWARDS.

HARRY T. EDWARDS, Circuit Judge:

Petitioners, Action for Children's Television and the Office of Communication of the United Church of Christ (collectively, "ACT/UCC"), seek review of an action of the Federal Communications Commission ("FCC" or "Commission") amending the agency's broadcast application FCC Form 301. *See Revision of Application for Construction Permit for Commercial Broadcast Station (FCC Form 301)*, 4 F.C.C. Rcd 3853 (1989) ("*Report & Order*"). Petitioners claim that parties applying for construction permits for new commercial broadcast stations should be required to submit more programming information than is sought through the revised FCC Form 301. ACT/UCC claims that the FCC violated section 553(c) of the Administrative Procedure Act ("APA"), 5 U.S.C. § 553(c) (1988), in failing to address petitioners' comments urging a modification of FCC Form 301. ACT/UCC also contends that the agency's failure to amend FCC Form 301 was arbitrary and capricious, and that the FCC exceeded its authority under section 309 of the Communications Act, 47 U.S.C. § 309 (1982), in failing to require information on which to base an affirmative determination that

---

[*] Presented argument as Student Counsel pursuant to Rule 19 of the General Rules of this court.

granting the application will serve the public interest.

We dismiss petitioners' claim that the FCC failed to comment, because this issue was never raised before the Commission. We deny the petition for review insofar as it challenges the FCC's failure to require more information; on this latter point, the reasons for our judgment will be as set forth in our decision in *Office of Communication of the United Church of Christ v. FCC*, Civ. Action No. 87–1243 *et al.*, to be issued later.

## I. BACKGROUND

In December 1986, ACT/UCC filed an "Emergency Petition for Declaratory Relief" challenging the adequacy of the programming statement required by the FCC of applicants for broadcast station authorizations, including the construction permits at issue in the instant case. ACT/UCC argued, *inter alia*, that the FCC should require applicants to specify what issues they intend to address, how much time they will devote to issue-responsive programming, and at what time of day such programming will be offered. *See* Emergency Petition for Declaratory Relief at 14, *reprinted in Office of Communication of the United Church of Christ v. FCC*, Civ. Action No. 87–1243, Joint Appendix 363.

On July 5, 1988, while ACT/UCC's petition for a declaratory ruling was pending, the Commission issued a Notice of Proposed Rulemaking proposing revisions to FCC Form 301. *See Revision of Application for Construction Permit for Commercial Broadcast Station (FCC Form 301)*, 3 F.C.C. Rcd 4112 (1988). Parties use FCC Form 301 to apply for a permit to construct new commercial AM, FM or TV broadcast facilities. FCC Form 301 is used regardless of whether one or more applications are filed for a particular frequency; where two or more acceptable applications for a construction permit are mutually exclusive, however, the Commission must hold a "joint comparative hearing" to determine which applicant would best serve the public interest. *See Report & Order*, 4 F.C.C. Rcd at 3853, 3866 n. 5. ACT/UCC filed comments in the rulemaking proceeding asking the FCC to require applicants to provide additional information concerning programming. *See* Comments of Action for Children's Television and the Office of Communication of the United Church of Christ, *reprinted in* Joint Appendix ("J.A.") 21.

On September 13, 1988, the FCC issued a declaratory ruling denying ACT/UCC's request to require more than a brief narrative statement that applicants "are aware of, and intend to comply with, rules governing programming service." *Request for Declaratory Ruling Concerning Programming Information in Broadcast Applications for Construction Permits, Transfers and Assignments*, 3 F.C.C. Rcd 5467, 5471 n. 18 (1988) *("Declaratory Ruling")*; *see also id.* at 5468. ACT/UCC challenges that declaratory ruling in the companion case, *Office of Communication of the United Church of Christ v. FCC*, Civ. Action No. 87–1243.

On April 20, 1989, the FCC issued its decision revising FCC Form 301. *See Report & Order*, 4 F.C.C. Rcd 3853 (1989). Neither ACT/UCC, nor any other party, sought agency reconsideration of the *Report & Order*. ACT/UCC now seeks judicial review of the Commission's amendment of FCC Form 301.

## II. ANALYSIS

### A. *Failure to Address Comments*

 The parties agree that the Commission did not address the comments ACT/UCC submitted in the FCC Form 301 rulemaking proceeding regarding programming. ACT/UCC contends that the FCC's failure to address its comments constitutes a violation of section 553(c) of the Administrative Procedure Act, 5 U.S.C. § 553(c).[1]

---

1. Section 553(c) provides:

 After notice required by this section, the agency shall give interested persons an opportunity to participate in the rulemaking through submission of written data, views, or arguments with or without opportunity for oral presentation. *After consideration of the relevant matter presented, the agency shall*

The Commission claims that, because ACT/UCC did not bring this concern to its attention in a petition for reconsideration, ACT/UCC is foreclosed by 47 U.S.C. § 405(a) (1982) from raising the issue before this court.[2] We agree.

Section 405(a) provides, in relevant part, that

[t]he filing of a petition for reconsideration shall not be a condition precedent to judicial review of any such order, decision, report, or action, *except where* the party seeking such review (1) was not a party to the proceedings resulting in such order, decision, report, or action, or (2) *relies on questions of fact or law upon which the Commission, or designated authority within the Commission, has been afforded no opportunity to pass.*

47 U.S.C. § 405(a) (emphasis added). Here, the Commission clearly was not afforded an opportunity to address the argument that it erred in failing to comment, and thus the petitioners may not raise the issue before this court. The very "purpose[ ] of 47 U.S.C. § 405 is to afford the Commission the initial opportunity to correct errors in its decision or the proceeding leading to decision." *Rogers Radio Communication Servs., Inc. v. FCC,* 593 F.2d 1225, 1229 (D.C.Cir.1978).

The court's rationale in *City of Brookings Mun. Tel. Co. v. FCC,* 822 F.2d 1153 (D.C.Cir.1987), applies to the instant case with equal force.

Although we have recognized the salutary, commonsense notion that the exhaustion doctrine is to be applied flexibly, none of the traditional exceptions to the requirement avails petitioners. Their objections do not fall within that class of issues which, "by their nature could not have been raised before the agency." [*Washington Ass'n for Television & Children v. FCC,* 712 F.2d 677, 682 (D.C. Cir.1983)]. On the contrary, we have previously deemed procedural objections

premised on the APA to be precisely the sort appropriately raised before the Commission in the first instance. *American Radio Relay League, Inc. v. FCC,* 617 F.2d 875, 879 n. 8 (D.C.Cir.1980).

Nor do we find any evidence to suggest that it would have been "futile" for petitioners to lodge their procedural complaints in the agency proceedings, another basis for withholding application of the exhaustion requirement.... Finally, this is not a situation in which another party to the proceedings voiced the objection now championed by petitioners.

*Id.* at 1163–64 (citation omitted).

Consistent with the rationale in *City of Brookings,* we find that section 405(a) applies to procedural issues in the rulemaking context. The section 405(a) requirements concerning the filing of a petition for reconsideration pertain to "*any* order, decision, report, or action of the Commission." 47 U.S.C. § 405(a) (emphasis added). This court has previously declined to consider claims that the Commission failed to comply with the procedural requisites of section 553 when a petitioner has not raised its contentions before the Commission, *see American Radio Relay League, Inc. v. FCC,* 617 F.2d 875, 879 n. 8 (D.C.Cir.1980); we are constrained to decline the invitation here.

### B. Substantive Challenge

■ ACT/UCC challenges as arbitrary and capricious the Commission's failure to amend FCC Form 301 to require information about an applicant's plans to address public issues of concern to the community and, particularly, about the unique needs of children. ACT/UCC also claims that requiring a statement that shows only that the applicant is cognizant of and intends to comply with the Commission's programming policies is inconsistent with the Communications Act because it does not afford a basis for an affirmative determination

incorporate in the rules adopted a concise general statement of their basis and purpose.

**2.** The Commission also contends that it "believed it had fully responded to ACT/UCC's

views in the *Declaratory Ruling* proceeding" and that "it was pointless to revisit the issue in the rulemaking *Report and Order.*" Brief for Respondents at 9.

that granting the application will serve the public interest. We disagree for the reasons set forth in *Office of Communication of the United Church of Christ v. FCC*, Civ. Action No. 87–1243 (D.C.Cir.) (argued Apr. 5, 1990), to be issued later.[3]

### III. CONCLUSION

We dismiss petitioners' claim that the FCC failed to comment, and we deny the petition for review challenging the Commission's failure to require more information.

*It is so ordered.*

---

3. As ACT/UCC concedes, the policy set forth in the *Declaratory Ruling* governs the information required of applicants concerning programming for children, as well as community program-ming generally. It is also undisputed that the *Declaratory Ruling* pertains to applications for construction permits.